IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EVELYN J. SANDERS

    Plaintiff,

v.

FIRST ADVANTAGE LNS SCREENING
SOLUTIONS, INC.

SERVE:   Corporation Service Company
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219

    Defendant.

Civil Action No. 1:15-cv-818
LO/TCB



## COMPLAINT

COMES NOW the Plaintiff, Evelyn J. Sanders ("Plaintiff"), by counsel, and as for her Complaint against the Defendant, she alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681(p), and 12 U.S.C. § 2605(f).

### PARTIES

3. Plaintiff is a natural person and at all times relevant to this Complaint was a "consumer" as defined by the FCRA.

4. Defendant First Advantage LNS Screening Solutions, Inc. ("LNS") is a foreign



corporation that regularly conducts business in Virginia. At all times relevant to this Complaint, it operated as a "consumer reporting agency" as defined and governed by the FCRA. It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## FACUTAL ALLEGATIONS

5. In or around April 2014, Plaintiff applied for a job with Bluegreen Corporation ("Bluegreen").

6. In connection with Plaintiff's application, Bluegreen procured Plaintiff's consumer report, including a criminal background report, from Defendant LNS.

7. The consumer report that Defendant LNS furnished regarding the Plaintiff was materially inaccurate.

8. By way of example only, LNS furnished a report regarding the Plaintiff that stated that she was found guilty of possession of a controlled substance on August 31, 2012, possession of marijuana on September 18, 2008, and possession of a controlled substance on September 21, 2012.

9. This was inaccurate. None of these criminal convictions belonged to the Plaintiff.

10. Accordingly, LNS's report regarding the Plaintiff was inaccurate, materially incomplete, and also patently misleading.

11. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in it. For example, it allowed and/or used very loose match criteria to determine whether to include information pertaining to a stranger living in a different state to appear in Plaintiff's consumer report.

2

12. This failure is consistent with the same "loose match" problem that has resulted in the false reporting of other criminal background check information as attributed to other plaintiffs, including within this District.

13. For example, the Defendant was sued by Terrell Manuel, Dawn Rosales, and Charles White on March 28, 2014 in the Richmond Division for using this same loose matching policy.

14. Defendant's failure to follow reasonable procedures to ensure that its report regarding Plaintiff only included information that belonged to her caused Plaintiff to suffer actual damages.

15. Additionally, Plaintiff never received a letter or any other communication from LNS at the time the LNS's report was furnished to Bluegreen.

16. Despite providing a report for employment purposes containing public record information likely to have an adverse effect upon Plaintiff's ability to obtain or maintain employment, LNS failed to provide Plaintiff with notice of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported, at the time that it was provided to Bluegreen.

17. Upon information and belief, LNS's failure to notify Plaintiff was done in accordance with its standard operating procedures.

18. Additionally, upon information and belief, Plaintiff alleges that LNS did not attempt to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g., the court clerk) immediately before furnishing a report which includes such information. 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

19. Thereafter, Plaintiff mailed a letter to Defendant LNS disputing the inaccurate information that Defendant LNS had reported about her and requesting that LNS delete the information from her file.

20. Plaintiff never received any correspondence in response to her written dispute.

21. Upon information and belief, LNS failed to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from Plaintiff's file.

22. Upon information and belief, LNS failed to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

23. As a result of LNS's actions, Plaintiff suffered actual damages, including but not limited to, the loss of her employment opportunity with Bluegreen, embarrassment, frustration, and emotional distress.

24. LNS's procedures and conduct were carried out as it intended and were not a mere accident or mistake. Instead, its actions constituted its standard procedures and policy of conducting business.

25. Further, upon information and belief, LNS obtained or had available substantial written materials that informed it of its duties under the FCRA.

26. LNS holds itself out as a leader in FCRA compliance, offering general compliance information on its website and blog, as well as free webinars regarding FCRA compliance.[1]

---

[1] *See* https://event.onlineseminarsolutions.com/eventRegistration/EventLobbyServlet?target=registration.jsp&eventid=926520&sessionid=1&key=A649A92056EBD8105D7ADAC1CAAA1309&partnerref=fadvhomepage&sourcepage=register (last visited June 24, 2015)

4

Case 1:15-cv-00281-TRM-SKL Document 1 Filed 06/26/15 Page 5 of 9 PageID #: 5

27. Despite knowing of these legal obligations, LNS acted consciously and willfully in breaching its known duties and depriving the Plaintiff of her rights under the FCRA.

28. LNS knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

29. Plaintiff alleges that LNS's conduct as alleged herein was consistent with its established and systematically executed procedures and policies of noncompliance with the FCRA.

30. Therefore, LNS's conduct was willful and entitles Plaintiff to recover punitive damages for its violations of the FCRA.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b)

31. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

32. Defendant LNS violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning the Plaintiff.

33. As a result of Defendant LNS's conduct, action, and inaction, Plaintiff suffered actual damages.

34. Defendant LNS's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

35. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her

5

attorney's fees from Defendant LNS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II
### Violation of 15 U.S.C. § 1681k(a)(1)

36. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

37. Defendant LNS violated 15 U.S.C. § 1681k(a)(1) by failing to provide the required FCRA notices to Plaintiff in a timely manner.

38. As a result of Defendant LNS's conduct, action, and inaction, Plaintiff suffered actual damages.

39. Defendant LNS's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

40. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Defendant LNS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT III
### Violation of 15 U.S.C. § 1681i(a)(1)

41. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

42. Defendant violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

43. As a result of this conduct, the Plaintiff suffered actual damages.

44. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

45. The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from the Defendant pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT IV
### Violation of 15 U.S.C. § 1681i(a)(5)

46. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

47. Defendant violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

48. As a result of this conduct, the Plaintiff suffered actual damages.

49. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

50. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks an award of actual damages, statutory damages, punitive damages, and attorney's fees and costs against the Defendant; and any other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
**EVELYN J. SANDERS**

By: _____
  Of Counsel

Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:  (703) 273-7770
Fax:  (888) 892-3512
matt@clalegal.com
casey@clalegal.com

Leonard A. Bennett, VBS No. 37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel:  (757) 930-3660
Fax:  (757) 930-3662
lenbennett@clalegal.com

*Counsel for the Plaintiff*